**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, | |
| Plaintiff, | Case No. |
| vs. | District Judge: |
| ALL PHASES CONSTRUCTION, INC. | Magistrate Judge: |
| Defendant. | |

**COMPLAINT TO COMPEL AUDIT**

Plaintiff, The Construction Industry Retirement Fund of Rockford, Illinois (the "Fund"), by its attorneys, WilliamsMcCarthy LLP, brings this Complaint against Defendant, ALL PHASES CONSTRUCTION, INC., and states as follows:

1. Jurisdiction in this cause is based upon § 301 of the Labor-Management Relations Act ("LMRA"), as amended. 29 U.S.C. § 185(a).

2. Jurisdiction in this cause is also based upon § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended. 29 U.S.C. § 1132.

3. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in this District because The Construction Industry Retirement Fund of Rockford, Illinois is administered in Rockford, Illinois.

4. The Fund is a multi-employer benefit plan within the meaning of ERISA. It is established and maintained pursuant to the respective Agreements and Declarations of Trust in accordance with § 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Fund has standing to sue pursuant to 29 U.S.C. § 1132(d)(1) and 29 U.S.C. § 185(a).

- 1 -

5. All Phases Construction is engaged in the construction industry and doing business within this geographic area, is an industry affecting interstate commerce, and is an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and § 301(a) of the LMRA. 29 U.S.C. § 185(c).

6. Heartland Regional Council of Carpenters (the "Union") is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On or about September 30, 1997, the Union and All Phases Construction, Inc., entered into a Memorandum of Agreement, attached hereto as Exhibit A.

8. Under the terms of the Memorandum of Agreement, to which All Phases Construction is bound, it is required to make contributions on behalf of its employees covered by the Agreements for pension benefits, health and welfare benefits, apprentice, working dues and to submit monthly remittance reports in which All Phases Construction identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Fund on behalf of each covered employee.

9. The Memorandum of Agreement provides that it incorporates all agreements between the Union and the Fund.

10. Under the terms of the Memorandum of Agreement to which the Union is bound, All Phases Construction is required to submit its books and records to the Fund on demand for an audit to determine benefit contribution compliance.

11. Under the terms of the Agreement, contributions to the Fund are due on the 15th day of the month following the month hours are worked and are considered delinquent after the 25th day of the month.

12. Under the terms of the Agreements, any employer who fails to make the contributions by the 25th day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect the unpaid contributions.

13. The Auditor for the Fund attempted to perform an audit to determine whether All Phases Construction paid proper contributions to the Fund for the period of January 1, 2022 through April 30, 2025, but All Phases Construction failed and refused to supply all records reflecting work performed covered by the Agreement. All Phases Construction continues to refuse to provide records and refuses to permit an authorized representative of the Fund to examine its records as necessary to determine whether it has made full payment of all sums owed to the Fund.

14. The Fund is advised and believe that All Phases Construction failed to report and pay contributions to the Fund for work performed in violation of the terms of the Agreement by which they are bound. As a direct and proximate result of All Phases Construction's failure to pay contributions, employees of All Phases Construction are in jeopardy of losing their retirement eligibility and benefits.

15. All Phases Construction's actions in failing to make timely reports and contributions violates § 515 of ERISA, 29 U.S.C. § 1145, and § 301 of the LMRA, 29 U.S.C. § 185.

16. All Phases Construction's failure and refusal to provide records and to permit examination of its records as alleged herein to determine if it has met its obligations under the Agreement was at all times, and still is, willful, unjustified, and done with malicious intent.

17. The Fund is without an adequate remedy at law and will suffer continuing an irreparable injury, loss and damage unless All Phases Construction is ordered specifically to

perform all obligations required on its part under ERISA, the LMRA, and the Agreement, and is restrained from continuing to refuse to perform as required thereunder.

18.     This Court is authorized to issue injunctive relief based on traditional standards. As set forth above, the Fund has a strong likelihood of success on the merits, there is the possibility that the employees of All Phases Construction will suffer irreparable injuries, and the balance of hardships and advancement of public interest favor the Fund.

WHEREFORE, Plaintiffs respectfully request that this Court enter a Judgment against Defendant, All Phases Construction, Inc., as follows:

(a)     For an Order requiring All Phases Construction, Inc. to provide certain records and to submit to an audit of such records by a date certain for the period of January 1, 2022 through the date of audit;

> THE CONSTRUCTION INDUSTRY
> RETIREMENT FUND OF ROCKFORD,
> ILLINOIS, Plaintiff,
>
> By: WilliamsMcCarthy LLP
>
>
> BY:___*/s/ Troy E. Haggestad*_____

Troy E. Haggestad
WILLIAMSMcCARTHY LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219
815/987-8900
E-mail: thaggestad@wilmac.com

- 4 -